## CINCINNATI (city) v WESS et

Ohio Appeals, 1st Dist, Hamilton Co

No 4185.   Decided Jan 9, 1933

394

John D. Ellis, City Solicitor, Cincinnati, and Edward F. Alexander, Asst. City Solicitor, Cincinnati, for plaintiff in error.

Philip & S. C. Roettinger, Cincinnati, for defendants in error.

HAMILTON, J.

This is a proceeding to review a judgment entered in the Court of Common Pleas, vacating a certain street in the City of Cincinnati, on petition filed by Wess and others, defendants in error here.

The petition was filed by Wess and others under favor of §3730, GC.

It is contended by counsel for the City that the trial court was without jurisdiction in the premises for the reason that Cincinnati is a charter city, and has established a Planning Commission, and, therefore, §3730, GC, was, thereby, rendered inoperative. If this were true, the Court of Common Pleas would not have jurisdiction, since such jurisdiction is provided in §3730 GC only.

Cincinnati has a Planning Commission, established under authorization of §4366-2, GC. The provision establishing the Planning Commission places authority in the Commission to approve or disapprove the establishment and vacation of streets, and provides upon failure of the Commission to so approve, the City Council may overrule the failure of the Commission to approve by a two-thirds vote.

It is not claimed that the statutes of Ohio nor the Charter of the City of Cincinnati in terms excludes the operation of §3730 GC, but it is argued that the provisions of the charter would be in conflict with the operation of §3730 GC in the City; that since the Commission must pass upon all vacations, it necessarily follows that the section in question is inoperative.

It is the law that all statutes must be given effect, if possible.

The General Code in its chapter on "Streets and Public Grounds" contains two methods for the vacation of streets: First, Council may vacate the streets under the provisions of §§3725 and 3726, GC. The Planning Commission would have authority to pass upon the action by council vacating a street, thereby requiring council to proceed under a two-thirds vote. The second method is, as provided in §3730 GC, by petition filed in the Court of Common Pleas.

This section gives the Court of Common Pleas authority to establish or vacate streets. The section further provides "but the remedy shall be in **addition** to those prescribed in this title."

The Planning Act of the City contains no method of establishing or vacating a street.

It certainly would not be contended that the Planning Commission has authority to overrule the judgment of the Court of Common Pleas.

Our conclusion is, that jurisdiction to vacate a street is lodged in the Court of Common Pleas by §3730 GC, and is not affected by the establishment of the Planning Commission for the city.

The point is made that the court abused its discretion in vacating the street. The evidence adduced amply justifies the action of the trial court.

In the decree of the Court of Common Pleas reserved to the City the right of maintaining its water pipes and sewer lines, and it is argued this would be in effect a partial vacation, which the court has no power to make. One of the contentions of the City was the right to maintain its sewer in the street vacated, and it so demanded. Under these circumstances, certainly the city was not prejudiced, and cannot be heard to complain, and particularly so, since the petitioners all consented to the reservation of the City's right.

We find no prejudicial error in the record, and the judgment is affirmed.

ROSS, PJ, and CUSHING, J, concur.